*NOT FOR PUBLICATION*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re | : |
| | : Case No. 13-cv-02612-FLW |
| SHARON M. LOGIUDICE | : |
| | : On Appeal from: United States Bankruptcy Court, |
| Debtor | : District of New Jersey |
| | : |
| | : |
| DARREN COMMANDER, | : |
| | : |
| Plaintiff- Appellant, | : |
| | : **OPINION** |
| v. | : |
| | : |
| SHARON M LOGUIDICE, | : |
| | : |
| Defendant- Appellee. | : |

**WOLFSON, United States District Judge**:

This matter arises from an adversary proceeding under 11 U.S.C. §§ 523(a)(2), 523(a)(4), and 523(a)(6) of the Bankruptcy Code against Sharon LoGuidice ("Debtor") contesting the dischargeability of certain debts (the "Nondischargeability Action"). Here, Darren Commander ("Appellant" or "Commander") appeals the Bankruptcy Judge's Order, dated May 13, 2013 (the "May 13 Order") dismissing the Nondischargeability Action. Appellant takes issue with the Bankruptcy Judge's finding that a previous state court order collaterally estopped and barred relitigation of the issues underlying the Nondischargeability Action. For the reasons that follow, the Court **AFFIRMS** the Bankruptcy Judge's May 13 Order.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The facts are taken from the Record on appeal and are not disputed. Commander, Debtor, and Kenneth Skerianz each owned one-third of Metropolitan Architectural Woodwork, LLC ("Metropolitan"). Debtor's husband, Eric LoGuidice ("Mr. LoGuidice"), served as President of Metropolitan. In the spring of 2007, the FBI executed a search warrant at 601 Lehigh Ave, Union, New Jersey, which housed the offices of Metropolitan. The FBI was searching for evidence of criminal activity by Mr. LoGuidice. Unbeknownst to Commander, Mr. LoGuidice had cashed checks from general contractors who hired Metropolitan, used the money as his own personal funds, and manipulated the books of Metropolitan to hide his activity. Once the FBI executed the search warrant, Commander and Mr. Skerianz discovered Mr. LoGuidice's activity. They then fired Mr. LoGuidice and expelled Debtor from her membership in Metropolitan.

In response, Debtor filed an action in the Superior Court of New Jersey, Chancery Division (the "State Court") on November 21, 2007, seeking, among other things, reinstatement as a member of Metropolitan and the appointment of a receiver over Metropolitan (the "State Court Action"). In the State Court Action, on January 22, 2008, Commander brought a counterclaim against Debtor asserting a breach of fiduciary duty for Debtor's failure to disclose her husband's embezzlement to Metropolitan, unjust enrichment for accepting the benefit of Mr. LoGuidice's activity, and fraud for her participation and misappropriation of Metropolitan's money.

Discovery went on for nearly four years and the trial lasted several days. Both Debtor and Commander testified at trial held before the State Court. Having heard testimony and considered all the evidence, on October 4, 2011, the State Court issued a letter opinion (the

"Letter Opinion") finding that the facts did not support Debtor's expulsion from Metropolitan and moreover, Commander's counterclaim had no merit. In particular, the State Court found that while Commander's claim was based upon his position that Debtor, together with her husband, engaged in acts of theft of company assets, there was insufficient evidence to prove the claim. To the extent Commander claimed that Debtor was unjustly enriched by the fraud, the proofs submitted failed to establish the source of funds. There was also no evidence that Debtor personally participated in any theft, and in sum, the evidence did not prove any wrongful conduct on the part of Debtor sufficient to substantiate her expulsion from Metropolitan. The State Court determined that Debtor was entitled to be reinstated and compensated for the full benefit of her membership equal to the amount provided to the other members since August 2007. At the end of the Letter Opinion, the State Court directed Debtor to submit an order consistent with the decision within ten days.

On November 18, 2011, the State Court issued an order appointing Ramco Asset Management, LLC ("Ramco") as fiscal agent for Metropolitan.[1] However, despite the findings made by the State Court that Commander's counterclaims had no merit, there was no official order filed dismissing the counterclaims. Commander timely filed a notice of appeal of the order appointing a fiscal agent to the Superior Court of New Jersey, Appellate Division (the "Appellate Court"). But, on February 22, 2012, the Appellate Court informed Commander that he would have to proceed by way of an interlocutory appeal because the State Court had yet to enter a final order. Meanwhile, Debtor commenced bankruptcy proceedings on February 16, 2012, under Chapter 7 of Title 11 of the United States Code, staying the state court proceedings.

In the Chapter 7 bankruptcy proceedings, which were later converted to Chapter 11,

---

[1] A copy of this Order was not submitted neither for this Court's nor the Bankruptcy Court's review.

Commander was scheduled as a creditor of Debtor in the amount of $7,691,236.99 and filed a corresponding proof of claim. On November 19, 2012, Commander commenced the Nondischargeability Action, arguing that Debtor's liability to Appellant resulting from her husband's embezzlement represents a nondischargeable debt within the scope of U.S.C. § 523(a)(2), (a)(4), and (a)(6) of the Bankruptcy Code. Specifically, he argued that (1) Debtor committed constructive or actual fraud that led to the extension of credit; (2) Debtor committed fraud or defalcation while acting in a fiduciary capacity; and (3) Debtor's conduct was willful and malicious.

Debtor moved to dismiss the Nondischargeability Action, and the Bankruptcy Judge held a hearing on May 11, 2013. After hearing counsel's arguments, the Bankruptcy Judge found that the disputes underlying the Nondischargeabililty Action -- whether there was any wrongful conduct on the part of Debtor -- were already resolved in the State Court Action. In particular, he found that the State Court Judge was quite clear in making his findings of fact, after conducting a lengthy trial, that Debtor did not commit any wrongful acts. Moreover, the Bankruptcy Court further found that "had there been any wrongful conduct, there would have been grounds… to disassociate [Debtor] from Metropolitan."

The Bankruptcy Judge also determined that the factual findings in the Letter Opinion were sufficiently litigated and final for purposes of applying collateral estoppel. He found that the Letter Opinion -- issued after extensive discovery and trial – squarely addressed the issues related to whether Debtor engaged in any culpable conduct. As a result, the Bankruptcy Judge reasoned that collateral estoppel applied and barred relitigation of the issues underlying the Nondischargeability Action. The Bankruptcy Judge, therefore, granted the motion to dismiss the adversary proceeding. The instant appeal ensued.

## II. STANDARD OF REVIEW

"The proper standard of review to be applied by a district court when reviewing a ruling of a bankruptcy court is determined by the nature of the issues presented on appeal." In re Beers, No. 3:09–CV–01666, 2009 WL 4282270, at *3 (D.N.J. Nov. 30, 2009) (quoting Baron & Budd, P.C. v. Unsecured Asbestos Claimants Comm., 321 B.R. 147, 157 (D.N.J.2005). A district court reviews "the bankruptcy court's legal determinations de novo, its factual findings for clear error and its exercise of discretion for abuse thereof." In re United Healthcare Sys., Inc., 396 F.3d 247, 249 (3d Cir.2005) (quoting In re Trans World Airlines, Inc., 145 F.3d 124, 130–31 (3d Cir.1998)). Because Appellant is seeking review of legal determinations made by the Bankruptcy Court on motion to dismiss, the Court finds that the plenary standard of review applies. Accord Sheehan v. Dobin, No. 10–6288(FLW), 2011 WL 3625586, at *2 (D.N.J. Aug. 15, 2011).

## III. DISCUSSION

Pursuant to 11 U.S.C. 523(a)(2), (a)(4), and (a)(6), a discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) does not discharge an individual debtor from any debt for an extension of credit that was obtained by constructive or actual fraud, for fraud or defalcation while acting in a fiduciary capacity, or for willful and malicious injury by the debtor to another entity or to the property of another entity. 11 U.S.C. §§ 523(a)(2), (a)(4), (a)(6). Here, Appellant argues the Bankruptcy Court erred when applying collateral estoppel and should have made its own findings regarding Debtor's alleged wrongful conduct.

Indeed, the doctrine of collateral estoppel, or issue preclusion, prevents a party from relitigating issues that were adjudicated in a prior lawsuit. In re Docteroff, 133 F.3d 210, 214 (3d Cir. 1997). The purpose of this doctrine is to promote judicial consistency, encourage

reliance on court decisions, and protect defendants from being forced to repeatedly relitigate the same issues in multiple lawsuits. Allen v. McCurry, 449 U.S. 90, 94 (1980). It has been established that collateral estoppel applies in nondischargeability actions in bankruptcy court, even with respect to previous state court judgments. In re Docteroff, 13 F.3d at 214.

In order to determine the preclusive effect of a previous state court proceeding, a federal court looks to the law of the adjudicating state. Greenleaf v. Garlock, Inc., 174 F.3d 352, 357 (3d Cir. 1999). Under New Jersey law, issue preclusion requires that: (1) the issue to be precluded is identical to the issue decided in the prior proceeding; (2) the issue was actually litigated in the proceeding; (3) the court in the prior proceeding issued a final judgment on the merits; (4) the determination of the issue was essential to the prior judgment; and (5) the party against whom the doctrine is asserted was a party to or in privity with a party to the earlier proceeding. Wildoner v. Borough of Ramsey, 316 N.J.Super. 487, 506, 720 A.2d 645 (App.Div. 1998) (citing In re Dawson, 136 N.J. 1, 20, 641 A.2d 1026 (1994)). With respect to those factors, here, the relevant inquiries are whether the Bankruptcy Court was correct in determining that (1) the issues underlying the Nondischargeability Action are identical to those resolved in the State Court Action; (2) the issues in the State Court Action were actually litigated; and (3) there was a final judgment on the merits in the State Court Action.

### 1. The Issues are Identical

Appellant argues that the Letter Opinion did not address the issues presented by §§ 523(a)(2), (a)(4), and (a)(6), i.e., whether Debtor committed constructive or actual fraud that lead to the extension of credit, whether the Debtor committed fraud or defalcation while acting in a fiduciary capacity, or whether the Debtor's conduct was willful and malicious. In addition, he maintains that the Letter Opinion does not address whether Mr. LoGuidice's fraud and

6

embezzlement are chargeable to Debtor under an agency theory. As a result, he asserts, the issues precluded by the Bankruptcy Court are not identical to those addressed by the Letter Opinion.

The Third Circuit has previously held that "[t]o defeat a finding of identity of the issues for preclusion purposes, the differences in the applicable legal standard must be 'substantial.'" Raytech Corp. v. White, 54 F.3d 187, 191 (3d Cir. 1995); see also Montana v. United States, 440 U.S. 147, 155 (1979) (the identity of issues requirement is fulfilled where the issues in the current case are "in substance the same" as those previously resolved). While Appellant is correct that the State Court Action did not rule on any issues relating to dischargeabilty of Debtor's liabilities, the underlying factual issues raised by the Nondischargeability Action and the State Court Action are identical.

In the State Court Action, Commander argued that Debtor was liable for breaching her fiduciary duties and participating in the fraud. These are precisely the same issues underlying Appellant's claim in this matter that that Debtor's liability to Commander resulting from her husband's embezzlement represents a nondischargeable debt. As the Bankruptcy Judge recognized, §§ 523(a)(2), (a)(4), and (a)(6) all require some wrongful conduct on the part of Debtor, and the State Court was clear that there was no such wrongful conduct. As a result, the issues underlying the two proceedings are identical and the first element of collateral estoppel is satisfied.[2]

---

[2] To be clear, a finding of nonliability for breach of fiduciary duty or fraud does not necessarily preclude litigation of nondischargeability under §§523(a)(2), (a)(4), and (a)(6). Rather, it is the factual issues that that form the basis for Appellant's theory of nondischargeability that were previously litigated in the State Court Action. See RecoverEdge L.P. v. Pentecost, 44 F.3d 1284, 1294 (5th Cir. 1995) (Finding collateral estoppel applies where the prior proceeding depended on the same factual determinations as the nondischargeability action).

As a separate matter, Appellant argues that the issues are not identical because the Letter Opinion does not address whether Mr. LoGuidice's fraud and embezzlement are chargeable to Debtor under an agency theory.[3] Appellant relies on In re Tsurukawa, 287 B.R. 515, 519 (B.A.P. 9th Cir. 2002), for the proposition that even if a debtor did not commit wrongdoing, the fraud of a spouse can be imputed to an "innocent" debtor under partnership or agency principles. In Tsurukawa, the "innocent" spouse was a homemaker and mother who passively owned one half of a partnership while her husband owned the other half. The Tsurukawa court found her debt to be nondischargeable based on the wrongdoing of her partner, who was also her husband.

In response, Debtor correctly argues that the reasoning in Tsurukawa does not apply here because that case dealt with a husband and wife partnership and applied partnership law to impute the wrongful acts of the husband to the wife. Here, Appellant has not alleged that Debtor and Mr. LoGuidice were in a partnership. Indeed, Mr. LoGuidice was a manager of the LLC, not even a member. Further, agency principles do not apply here because there is no allegation that Mr. LoGuidice acted under Debtor's instructions, nor is there any allegation Debtor's husband acted on behalf of his wife. Without those allegations, Appellant's claim that Mr. LoGuidice's misconduct is chargeable to Debtor under an agency theory is specious.

**2. The Issues were Actually Litigated**

Next, Appellant argues that the issues were not litigated. With regard to the "actually litigated" requirement, New Jersey case law governing collateral estoppel requires that the party against whom the doctrine is applied had a full and fair opportunity to litigate the issue precluded. See Pivnick v. Beck, 326 N.J.Super. 474, 485-86 (App.Div. 1999). This is satisfied when a party had the opportunity to present his evidence to a competent tribunal. Id. at 491.

---

[3] Whether this claim is barred by the "entire controversy" doctrine is a separate matter that the Court need not address.

Appellant argues that the "actually litigated" requirement is not satisfied here because the State Court Action could not be appealed. However, while the ability to appeal an adverse ruling is certainly important to the application of collateral estoppel, it is not dispositive or determinative. See In re Brown, 951 F.2d 564, 569 (3d Cir. 1991) ("Unlike claim preclusion, the effectiveness of issue preclusion, sometimes called collateral estoppel, does not require entry of a judgment, final in the sense of being appealable.").

Here, the Bankruptcy Judge correctly recognized that Appellant had the benefit of nearly four years of discovery, in addition to the opportunity to present evidence and testify in a trial before a state court judge, which lasted several days. The State Court then issued a Letter Opinion clearly finding that there was no wrongful conduct on the part of the debtor. This was certainly sufficient to provide Appellant with a full and fair opportunity to litigate the issues precluded. Therefore, the "actually litigated" requirement is also met.

### 3. The State Court Issued a Final Judgment

Lastly, Appellant argues that the Letter Opinion was not a final judgment because it was not appealable.[4] The Third Circuit, relying on the Second Restatement of Judgments, has held that "for the purposes of issues preclusion … 'final judgment' includes any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive." In re Docteroff, 133 F.3d at 215-16. In determining whether the resolution was sufficiently firm, the factors to consider include whether the parties were fully heard, whether a reasoned opinion

---

[4] Appellant also attempts to argue that the Letter Opinion was not a judgment, but was instead a communication with the parties that had no more preclusive effect than any other letter or communication between a court and the parties to the case. In response, Debtor correctly points out that the State Court Judge began the Letter Opinion by stating "this letter is the court's decision with respect to the trial of the referenced matter." Therefore, it is clear that the Letter Opinion represented the State Court's judgment. Furthermore, Appellant's argument is disingenuous; even Appellant perceived the Letter Opinion as an order because he attempted to appeal the State Court's decision.

9

was filed, and whether that decision could have been, or actually was, appealed. In re Brown, 951 F.2d at 569.

Appellant is correct that he did not have the opportunity to appeal the Letter Opinion – either interlocutory appeal or appeal as of right -- because of the automatic stay imposed by the commencement of bankruptcy proceedings. However, the ability to appeal is only one factor to be considered and is not outcome determinative for the purposes of collateral estoppel. See In re Brown, 951 F.2d at 569 ("Unlike claim preclusion, the effectiveness of issue preclusion, sometimes called collateral estoppel, does not require the entry of a judgment, final in the sense of being appealable."); Burlington N. R.R. v. Hyundai Merch. Marine Co., 63 F.3d 1227, 1233 n.8 (3d Cir. 1995) (Finding finality requirement was satisfied and appealability was of little consequence where party was represented by counsel, issue was genuinely contested, the court gave no indication that summary judgment was tentative or likely to be changed, and the court ruled in a reasoned opinion); In re Docteroff, 133 F.3d at 215-16 (Rejecting argument that finality requirement was not satisfied because judgment was not appealable); Greenleaf, 174 F.3d 352 at 360 ("Our decisions hold that decisions not final for purposes of appealability may nevertheless be sufficiently final to have issue preclusive effect.").

Indeed, "[f]inality for purposes of issue preclusion is a more 'pliant' concept than it would be in other contexts." Dyndul v. Dyndul, 620 F.2d 409, 412 (3d Cir.1980). Finality "may mean little more than that the litigation of a particular issue has reached such a stage that a court sees no really good reason for permitting it to be litigated again." *Id.* at 412 n. 8 (quoting Lummus Co. v. Commonwealth Oil Refinery Co., 297 F.2d 80, 89 (2d Cir.1961), cert. denied, 368 U.S. 986 (1962)). Moreover, the Third Circuit has cautioned that "insistence on a final and fully appealed judgment can involve needless duplication and expense to decide the same issue

or, alternatively, undue delay in a second action while the first action is brought to a complete finish," and that "in particular circumstances the wisest course is to regard the prior decision of the issue as final for the purpose of issue preclusion without awaiting the end judgment." In re Brown, 951 F.2d at 569.

While I recognize that Appellant did not have a chance to appeal the Letter Opinion, other factors weigh more heavily in favor of finality. The parties were represented by counsel and an extensive discovery was conducted. Also, the parties had the opportunity to testify and present evidence at a trial before the State Court. Indeed, the State Court heard testimony from the relevant witnesses and made credibility determinations accordingly. At the end of the trial, the State Court issued a clear and reasoned Letter Opinion which represented that court's judgment on the issues raised by Commander. To relitigate the identical issues would result in needless duplication and expense, and more importantly, undue delay. In this circumstance, the more prudent course of action is to regard the prior State Court decision as final. Thus, I find that the finality requirement of collateral estoppel is met.

Because collateral estoppel applies and bars relitigation of the issues underlying the Nondischargeability Action, and because the State Court previously found that Debtor did not engage in any level of wrongful conduct, I find that the Nondischargeability Action under §§ 523(a)(2), (a)(4), and (a)(6) was properly dismissed by the Bankruptcy Court.

**4. CONCLUSION**

For the foregoing reasons, the Court affirms the Bankruptcy Judge's Order dismissing the adversary proceeding based on 11 U.S.C. § 523(a)(2), (a)(4), and (a)(6). An order will be entered consistent with this Opinion.


Dated: December 12, 2013                /s/    Freda L. Wolfson
                                        Freda L. Wolfson, U.S.D.J.